

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 17, 1975

The Honorable Joe Max Shelton
Grayson County Attorney
Sherman, Texas    75090

Opinion No. H- 643

Re: Authority of commissioners court to reduce the salary of a county attorney after the budget hearing.

Dear Mr. Shelton:

You have requested our opinion regarding the authority of a commissioners court to reduce the salary of its county attorney after the annual budget hearing has been held and salaries have been set.

You state that the 1975 budget approved by the Commissioners Court of Grayson County on August 27, 1974, included a $1,200.00 annual salary increase for all elected county officials. On January 13, 1975, the Court set the salaries for such elected officials in accordance with the amounts approved in the budget. Then, on February 18, 1975, the Commissioners Court determined that the county attorney should be excepted from the general salary increase and fixed his salary at the amount paid by the State.

Grayson County is one of a number of counties to which article 332b, V.T.C.S., is applicable. That statute fixes the county attorney's salary at "an amount equal to the compensation paid by the state to district attorneys as authorized by article 5, section 21, Constitution of Texas." This amount, is paid to the county by the State, but the statute further provides that the county may pay "such additional amount which the commissioners court of the county in its discretion fixes as adequate compensation." The commissioners court is attempting to reduce the salary of the county attorney by this previously approved "additional amount" of $1,200.00. Whether or not such action is valid depends upon an interpretation of article 3912k, V.T.C.S., which provides, in pertinent part:

> Section 1. Except as otherwise provided by this
> Act and subject to the limitations of this Act, the
> commissioners court of each county shall fix the
> amount of compensation, office expense, travel
> expense, and all other allowances for county and
> precinct officials and employees who are paid wholly
> from county funds, but in no event shall such salaries
> be set lower than they exist at the effective date of
> this Act.
>
> Sec. 2(a). The salaries, expenses, and other
> allowances of elected county and precinct officers
> shall be set each year during the regular budget
> hearing and adoption proceedings on giving notice
> as provided by this Act.

In Attorney General Opinion H-11, (1973), we held that section 2 of article 3912k, by requiring that the salaries of "elected county and precinct officers . . . be set each year during the regular budget hearing," means that the salaries of elected officials, once set during the budget hearing, may not be increased until the following fiscal year. Implicit in this conclusion is the corollary that the salaries of these officials may not be decreased until the next fiscal year. But see, Attorney General Opinion H-314 (1974).

It is our opinion, that section 2 of article 3912k, unlike section 1, is not limited to elected county and precinct officers "who are paid wholly from county funds" and therefore applies to county attorneys paid in part with state funds. We are supported in this position by subsection 7(1) of article 3912k which specifies:

> Nothing in this Act applies to compensation, expenses
> or allowances of: (1) district attorneys, <u>wholly paid
> by state funds</u>, or their assistants, investigators or
> other employees. . . (Emphasis added).

Unless all persons paid a county salary are covered by section 2 of article 3912k even though paid entirely or partly with funds supplied by the state, the exception regarding district attorneys paid "wholly " by state funds is unnecessary and meaningless. District attorneys, like county attorneys, receive a base salary from the state, subject to being supplemented by some counties [see article 3886j, V. T. C. S. ].

Accordingly, it is our opinion that, on the basis on H-11 (1973), the salary of the county attorney may not be reduced below the amount set at the annual budget hearing until the following fiscal year.

## SUMMARY

> The Commissioners Court may not reduce the salary of
> a county attorney below the amount set at the annual
> budget hearing until the following fiscal year.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb